**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CASE NO: 7:22-cr-64  (WLS)** |
| | : | |
| **GEORGE GRANT aka "PABLO",** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## ORDER

Previously, the Court provided the Parties with notice that this case was scheduled for pretrial conference on Tuesday, March 7, 2023, at 3:00 p.m. and for trial on Monday, March 27, 2023 (Doc. 25).[1] In the event the case is not ready for trial, the Parties were ordered to file a motion to continue at least two days prior to the date of the noticed pretrial conference. (*Id.*) The Government filed a timely Unopposed Motion for Continuance and Extension of the Speedy Trial Act Deadline (Doc. 28) ("Motion to Continue") stating that on February 16, 2023, the Government filed a Motion for Protective Order Governing Discovery Material (Doc. 26) ("Protection Motion"). Pending resolution of the Protection Motion, the Government has not provided Defense Counsel with discovery materials.

The Government requests a continuance in this matter to permit the Court to rule on the Protection Motion, to grant additional time for the Government to provide discovery to Defense Counsel, and to permit reasonable time for the Government and Defense Counsel to conduct plea negotiations to potentially resolve the case without the necessity of a trial. In addition, if such negotiations fail, this time is necessary for the parties to prepare for trial. Government's Counsel represents that she conferred with Defense Counsel who does not oppose the Motion to Continue.  Government's Counsel further asserts that the ends of justice

---

[1] The Government misstates the date of the pretrial conference as scheduled for March 27, 2023. Rather the Court's order (Doc. 25) scheduled the trial of this matter for March 27, 2023, and the pretrial conference as March 7, 2023.

served by the granting of this continuance outweigh the best interests of the public and the parties in a speedy trial and requests that the delay be excluded in computing the time within which the trial must commence.

Based on the Government's stated reasons, the Court finds that a continuance is required for counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)-(B).  Therefore, the Motion to Continue (Doc. 28) is **GRANTED**.  The Court hereby **ORDERS** that the trial in the above-referenced matter be **CONTINUED** to the Valdosta Division May 2023 term and its conclusion, or as may otherwise be ordered by the Court. Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance would likely result in a miscarriage of justice and/or would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

The March 7, 2023 pretrial conference as to this matter is **CANCELLED**.

**SO ORDERED**, this 28th day of February 2023.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**